IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THEODORE T. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-069 |
| | ) | |
| TELFAIR STATE PRISON; GDC DEPUTY | ) | |
| WARDEN JACOB BEASLEY; DEPUTY | ) | |
| WARDEN VERONICA STEWART; UNIT | ) | |
| MANAGER KAREN THOMAS; CERT. | ) | |
| OFFICER MICHAEL KINSEY; TIMOTHY | ) | |
| C. WARD, Commissioner; PATRICIA | ) | |
| WILCOX, Grievance Coordinator; | ) | |
| CAPTAIN GARY FULLER; SGT. | ) | |
| LATREVIUS HALL; CERT. OFFICER | ) | |
| RICKY WILCOX, JR.; JERMAINE WHITE, | ) | |
| Warden; and G.D.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, imprisoned at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.   SCREENING THE COMPLAINT

   A.   BACKGROUND

Plaintiff names the following Defendants: (1) TSP, (2) Deputy Warden Jacob Beasley, (3) Deputy Warden Veronica Stewart, (4) Unit Manager Karen Thomas, (5) Cert Officer Michael Kinsey, (6) Commissioner Timothy C. Ward, (7) Grievance Coordinator Patricia Wilcox, (8) Captain Gary Fuller, (9) Sergeant Latrevius Hall, (10) Cert. Officer Ricky Wilcox, Jr., (11) Warden Jermaine White, and (12) the Georgia Department of Corrections ("GDC"). (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 19, 2021, Plaintiff attempted to receive his COVID-19 vaccination while shirtless. (Id. at 7.) Defendant Kinsey instructed Plaintiff to "put a shirt on." (Id.) Plaintiff responded by informing Defendant Kinsey of his recent clothing request submission as he no longer had any shirts to wear. (Id.) Defendant Kinsey disregarded Plaintiff's explanation, stating "Nigga go find a shirt!" (Id.) Plaintiff complied by borrowing a fellow inmate's shirt. (Id.) While Plaintiff tucked in the shirt and exited the building, Defendant Kinsey instructed Plaintiff to get on the fence. (Id.) Plaintiff continued to tuck in his shirt as he moved toward the fence. (Id.) Before Plaintiff reached the fence, Defendant Kinsey instructed Plaintiff to place his hands behind his back. (Id.) Plaintiff complied but asked if Defendant Kinsey wanted him to finish tucking in his shirt. (Id.) Defendant Kinsey pulled out his taser and again instructed Plaintiff to place his hands behind his back, and Plaintiff complied. (Id.) Defendant Kinsey tased Plaintiff in the back. (Id.) Plaintiff asked, "Why did [you] shoot me?" Defendant Kinsey responded by reloading his taser

and commanding Plaintiff to get on the ground. (Id.) Defendant Kinsey later submitted a disciplinary report relating to this incident without first writing an incident report. (Id.)

After the altercation, Cert Officer Monzuer escorted Plaintiff to unit E-2, where Defendant Rykard examined Plaintiff for a use of force assessment. (Id.) Plaintiff field a grievance, which Defendant White forwarded to the Criminal Investigation Division on November 11, 2021. (Id.) Plaintiff has received no responsive documentation or communication about his grievance. (Id.) Plaintiff believes Defendants White, Beasley, Stewart, and Patricia Wilcox are conspiring to cover up the incident. (Id.)

On March 10, 2022, Defendants Ricky Wilcox and Kinsey accused Plaintiff of weapons possession in unit C-2-123, but on that date Plaintiff was assigned to unit C-2-111. (Id. at 9.) Plaintiff believes Defendant Kinsey made this accusation in retaliation for Plaintiff filing the use of force grievance against him. (Id.) As a result, Plaintiff was placed in tier I segregation for forty days without being served a disciplinary report, receiving a ninety-six hour hearing, or being notified of his placement. (Id.) Plaintiff filed a grievance with Defendant Patricia Wilcox, but she did not process it. (Id.) Plaintiff believes Defendant Patricia Wilcox failed to act in retaliation for Plaintiff filing the use of force grievance against Defendant Kinsey. Plaintiff asks for compensatory and punitive damages against all Defendants. (Id. at 11-13.)

    **B.**    **DISCUSSION**

        **1.**    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325

3

(1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. TSP and GDC Are Not Subject to Liability in a § 1983 Suit

TSP and GDC are not proper parties because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff's claims against Defendants TSP and GDC should be dismissed without prejudice.

### 3. Plaintiff's Due Process Violation Claim Based on His Placement into Tier I Housing

Plaintiff asserts his placement in Tier I segregation was a violation of his due process rights. To state a claim, Plaintiff must allege "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Circ. 2018) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff's allegations fail to satisfy the first element.

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison). However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation: the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). There being no allegation of any effect on the duration of Plaintiff's sentence, the Court focuses its attention on whether Plaintiff has alleged an atypical and significant hardship.

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), modified on other grounds, Sandin, 515 U.S. at 481)); see also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)). Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), adopted by, 2017 WL 343638 (M.D. Ga. Jan. 23, 2017).

To meet this pleading requirement, Plaintiff "must state or allege facts to show an 'atypical

6

and significant hardship.'"  Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015).  Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief.  See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5.

Plaintiff has not provided any information about conditions of confinement in Tier I, let alone how those conditions differ from those encountered in the general population such as to pose an "atypical and significant hardship" on him.  Therefore, Plaintiff fails to state a procedural due process claim against any Defendant for being placed in Tier I.

### 4. Plaintiff Fails to State a Claim for Retaliation Against Defendants Kinsey, Ricky Wilcox, and Patricia Wilcox

To prevail on a retaliation claim, Plaintiff must establish that: (1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance].  O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation and quotation marks omitted).  "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement."  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). However, "[t]o establish a retaliation claim under the First Amendment, a prisoner must show a causal connection between his protected speech and the harm of which he complains." Smith v. Villapando, 286 F. App'x 682, 685 (11th Cir. 2008).

Here, Plaintiff claims Defendants Kinsey and Ricky Wilcox orchestrated a false weapons

7

possession violation, and Defendant Patricia Wilcox failed to process Plaintiff's related grievance. (Doc. no. 1, p. 9.) Plaintiff's mere belief that Defendants Kinsey, Ricky Wilcox, and Patricia acted with retaliatory intent is insufficient to state a claim, particularly since (1) the alleged retaliatory conduct by Defendants Kinsey and Ricky Wilcox occurred more than five months after Plaintiff filed the grievance against him, and there is no allegation the grievance resulted in any adverse action against Defendant Kinsey; and (2) Plaintiff does not explain why Defendant Patricia Wilcox would be motivated to retaliate against Plaintiff for action that Plaintiff took against Defendant Kinsey.

### 5. Plaintiff Fails to State Supervisory Liability Claims

Plaintiff fails to state a claim against Defendants White, Beasley, Stewart, Patricia Wilcox, Ward, Hall, Thomas, and Fuller for supervisory liability. The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")

There is no supervisory liability where there is no valid underlying claim, and Plaintiff has failed to state a due process or retaliation claim for the reasons stated above. As to the sole remaining claim for excessive force against Defendant Kinsey, the complaint fails to state facts sufficient to support a supervisory liability claim. In the absence of direct involvement, supervisors cannot be held liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat

superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of respondeat superior. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold these Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has failed to allege facts that establish these Defendants were present for, or participated in, a constitutional violation. Therefore, Plaintiff must allege a causal connection between these Defendants and the properly asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s]

9

in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege a history of widespread excessive force, an improper custom or policy, or an inference these Defendants directed others to act, or knew they would act, unlawfully. In sum, Plaintiff has not shown these Defendants actually participated in the alleged constitutional violation. Nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants White, Beasley, Stewart, Patricia Wilcox, Ward, Hall, Thomas, and Fuller

### 6. Official Capacity Monetary Damages

Plaintiff is suing Defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be

granted against Defendants TSP, Beasley, Stewart, Thomas, Ward, Patricia Wilcox, Fuller, Hall, Ricky Wilcox, White, and GDC.  Therefore, the Court **REPORTS** and **RECOMMENDS** Defendants TSP, Beasley, Stewart, Thomas, Ward, Patricia Wilcox, Fuller, Hall, Ricky Wilcox, White, and GDC, along with Plaintiff's official capacity claims for money damages against Defendant Kinsey be dismissed from the case.  By separate Order, the Court directs service of process on Defendant Kinsey.

SO REPORTED and RECOMMENDED this 11th day of August, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA