IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THEODORE T. ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 322-069 |
| CERT. OFFICER MICHAEL KINSEY, | ) ) ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Hancock State Prison in Sparta, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia. Before the Court is Defendant's motion to set aside default. (Doc. no. 31.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion be **GRANTED**. (Id.)

**I.    BACKGROUND**

On August 11, 2022, the Court allowed Plaintiff's excessive use of force claim against Defendant Kinsey to proceed. (Doc. nos. 9, 10.) After several months of service attempts, (see, e.g., doc. nos. 11-17), the Court learned on February 28, 2023, that Defendant was deployed overseas, (doc. no. 18), and administratively closed the case and stayed all proceedings until his return, (doc. no. 19). After learning of his return on November 8, 2023, (doc. no. 22), the Court lifted the stay, reopened this action, and extended the deadline for the United States Marshal to serve Defendant, (doc. no. 23).

After several more attempts to effect service, (doc. no. 24, p. 1; doc. no. 25, p. 1), it appeared the waiver of service finally reached Defendant, and on January 5, 2024, Defendant personally signed and returned it, (doc. no. 24, p. 2; doc. no. 25, p. 2). Because Defendant is a former prison employee, on January 26, 2024, the Court directed the Georgia Attorney General's Office to notify the Court whether it intended to represent Defendant in the present action on or before February 9, 2024. (Doc. no. 26.) There was no response.

On March 1, 2024, the Court entered an order directing Defendant to show cause why the Clerk of Court should not enter default against him pursuant to Fed. R. Civ. P. 55(b) and served a copy of the order on the Attorney General's Office. (Doc. no. 27.) On March 15, 2024, Assistant Attorney General Jason H. Kang filed a notice of appearance and response to the show cause order on behalf of Defendant, (doc. nos. 28-29), and on March 18, 2024, filed an answer and motion to set aside default, (doc. nos. 30-31). The same day, the Clerk of Court issued a standard scheduling notice setting case deadlines. (Doc. no. 32.)

In his motion, Defendant provides a sworn declaration under penalty of perjury. (Doc. no. 31-2.) Defendant attests that he failed to file an answer within the prescribed time because he was unaware he needed to do anything further to obtain legal representation after returning his signed waiver of service. (Doc. no. 31-1, pp. 3-4.) Defendant did not intentionally fail to appear or delay appearance, as he has never been named in a lawsuit during his employment with the Georgia Department of Corrections ("GDC") and has no familiarity with the legal process. (Doc. no. 31-2, p. 1.) Moreover, Defendant asserts he has a meritorious defense to the lawsuit as Plaintiff's allegations of excessive force are "inaccurate and false." (Id. at 2; see also doc. no. 30.)

On March 25, 2024, the Court received Plaintiff's declaration for entry of default. (Doc. no. 33.) Plaintiff asserts default should be entered against Defendant because he failed

to answer within the prescribed time period and is competent. (Id. at 1.) Defendant filed a response in opposition to Plaintiff's declaration, citing the same arguments made in his motion to set aside. (See doc. no. 34.) The Court has sufficient information to make its ruling without awaiting another filing from Plaintiff or Defendant.

## II. DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure states that "[f]or good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). It is the defaulting party's burden to establish good cause. Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (*per curiam*). The Eleventh Circuit has expressed the "good cause" standard should be interpreted liberally. Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Although "'good cause' is not susceptible to a precise formula," there are several factors that may aid in its determination. Id. These factors include but are not limited to: (1) whether the default was culpable or willful; (2) whether setting default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Id. While the factors considered may vary from case to case, the overarching policy disfavoring default judgments should always be considered. See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (cautioning default is a drastic remedy that should be used sparingly and only in extreme situations); Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.").

The Court finds Defendant has established good cause to set aside an entry of default against him. In considering the above factors, Defendant attests under penalty of perjury that he did not intentionally fail to respond or delay appearance in this case. (Doc. no. 32-1.)

3

Defendant states he has never been named in a lawsuit during his employment with GDC, so he was aware of further steps needed to obtain legal representation. (Id.) While Defendant's lack of action may be negligent, it cannot be described as culpable or a pattern of willful delay. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014) (affirming record lacked evidence "suggesting a pattern of delay or willful conduct" despite failure to answer based upon attorney's mistake); CBS Studios, Inc. v. Individuals, Bus. Entities and Unincorporated Associations Identified on Sched. "A", No. 23-61894-CIV-COHN/HUNT, 2023 WL 9027145, at *2 (S.D. Fla. Dec. 8, 2023) (finding default neither culpable nor willful when defendant companies were based in Vietnam and "not familiar with or aware of the Federal Rules of Civil Procedure, including the timeframes set forth therein.")

Moreover, defense counsel promptly took action to correct the default after establishing contact with Defendant and responding to the Court's March 1st Order by filing a notice of appearance, response, answer, and motion to set aside, all before the show cause deadline, (see doc. nos. 28-31). Perez, 774 F.3d at 1339 (discussing plaintiff took swift action to correct default "soon after learning of her failure to file an answer"); Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (*per curiam*) (quick response time to clerk's entry of default "further supports a finding of good cause.").

There is also no evidence Defendant's delay in filing an answer has prejudiced Plaintiff in any way and Plaintiff does not assert such. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009) ("[T]he inquiry is whether prejudice results from the delay, not from having to continue to litigate the case."). Although Defendant's failure to answer may have caused some delay in the progress of this case, "[t]here is no suggestion that the brief delay caused a loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion." Sherrard, 724 F.

4

App'x at 739.

Furthermore, this case should be determined on the merits, as Defendant presents a meritorious defense, (see generally doc. nos. 30, 31), to Plaintiff's excessive force claim. Ehlers, 8 F.3d at 783; Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969) (The moving party need only show a "hint of a suggestion of a meritorious defense.").[1] In sum, all factors weigh in favor of a finding of good cause to set aside an entry of default against Defendant.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion to set aside default be **GRANTED**. (Doc. no. 31.) Should the presiding District Judge adopt this Report and Recommendation, the case shall proceed as set forth by the Clerk's March 18th scheduling notice setting case deadlines. (Doc. no. 32.)

SO REPORTED AND RECOMMENDED this 5th day of April, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions rendered prior to the close of business on September 30, 1981 by the United States Court of Appeals for the Fifth Circuit.